**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN LEWIS,
# 221501395,**

    **Plaintiff,**

vs.                                                        Case No. 4:16cv715-MW/CAS

**RICK SCOTT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted in forma pauperis status and directed to submit an initial partial filing fee of $3.86 on or before March 1, 2017. ECF No. 16. Plaintiff filed a "notice" declaring he was unable to pay the assessed initial partial filing fee, ECF No. 20. An Order was entered on March 9, 2017, giving Plaintiff additional time in which to submit payment. ECF No. 21. That Order explained to Plaintiff for a second time that if he lacked "funds with which to pay the assessed initial partial filing fee, Plaintiff must submit a current Trust Fund Account Statement demonstrating how funds have been depleted." ECF No. 21 (citing ECF

No. 16). Additionally, the Order directed Plaintiff to file another amended complaint. ECF No. 21.

Plaintiff filed a response to that Order on March 30, 2017, seeking to explain why he was unable to pay the assessed fee. ECF No. 24. However, Plaintiff once again did not provide a copy of his Trust Fund Account. Thus, the response was insufficient and Plaintiff was not relieved of the obligation to submit the assessed initial partial filing fee of $3.86. *See* ECF No. 25. Plaintiff was, however, granted another extension of time in which to pay the fee. *Id.* Plaintiff was advised that no further extensions of time would be provided. *Id.* at 2.

On May 4, 2017, Plaintiff filed a more current copy of his inmate account. ECF No. 29. The account statement is not accompanied by a motion requesting any relief. It will be presumed, however, that Plaintiff is again seeking permission to proceed without payment of the assessed initial partial filing fee.

Review of the statement reveals Plaintiff received a $36.75 deposit on November 15, 2016. ECF No. 29 at 5. Funds were used to pay postage and medical fees. *Id.* at 5-6. Most recently, Plaintiff received another $25.00 deposit on April 20, 2017, and those funds were used for

postage fees. *Id.* at 6-7. It does not appear that Plaintiff intentionally depleted his account to avoid paying the fee, but it has become clear that Plaintiff is not entitled to proceed with in forma pauperis status.

Plaintiff's third amended complaint was filed on April 7, 2017. ECF No. 26. That document has been reviewed and it is noted that Plaintiff now acknowledges having filed a large number of prior cases. ECF No. 26 at 7. Plaintiff generally writes that he can't remember information about those cases or which cases may have been dismissed as frivolous, malicious, or for failing to state a claim. *Id.* at 5.

Judicial notice is taken that Plaintiff Jonathan Kyle Lewis previously filed case number 2:10cv547 in the Middle District of Florida, Fort Myers Division. That case was dismissed in September 2013 for failing to state a claim and because Plaintiff sought monetary damages from defendants who were immune from such relief. ECF No. 181 of that case. The case was also dismissed as a sanction for abuse of the judicial process because Plaintiff did not honestly disclose his litigation history. *Id.* That case counts as a "strike" under 28 U.S.C. § 1915(g).

In dismissing that case, it was noted that Plaintiff had filed case number 0:11cv61243 in the Southern District of Florida which was also

dismissed for failure to state a claim.  That dismissal counts as a second strike.  Additionally, Plaintiff had an interlocutory appeal dismissed as frivolous by the Eleventh Circuit Court of Appeals.  Case No. 10-14910-C, cited in ECF No. 181 of Case No. 2:10cv547.

Judicial notice is also taken that more recently, Plaintiff filed an appeal after the dismissal of case number 3:12cv1256 in the Middle District.  The appeal (No. 13-11054-A) was dismissed as frivolous in May 2013.  ECF No. 20 of Case No. 3:12cv1256.  Notably, Plaintiff was also housed at the Paul Rein Detention Facility, Post Office Box 407003, in Fort Lauderdale, Florida, when he initiated that case as well.  ECF No. 16 at 4.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff's complaint in this case does not present allegations showing he is under imminent danger.  Rather, Plaintiff is seeking the restoration of

his civil rights. ECF No. 26 at 10. Accordingly, because Plaintiff is not entitled to proceed with in forma pauperis status, the prior Order which granted Plaintiff that status should be vacated. Moreover, because Plaintiff is not under imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) and did not pay the filing fee at the time this case was initiated, this case should be dismissed *sua sponte.*

It is **RECOMMENDED** that this Plaintiff be **DENIED** in forma pauperis status, the prior Order, ECF No. 10, should be **VACATED**, and this case **DISMISSED** pursuant to 28 U.S.C. § 1915(g). Any and all pending motions should be **DENIED**. It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**